IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **XINMING ZENG and ZAIYAN WANG,** *Plaintiffs*, v. **JOHN DOE and 699.COM,** *Defendants*. | Case No. _____ ORIGINAL COMPLAINT DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT

This *in rem* action is made pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), in which Plaintiffs Xinming Zeng ("Zeng") and Zaiyan Wang ("Wang") (collectively, "Plaintiffs") makes the following allegations against Defendant John Doe ("Defendant JD") and the subject domain name 699.com (the "Domain Name").

## PARTIES

1. Plaintiffs Xinming Zeng and Zaiyan Wang are citizens of the People's Republic of China and resides therein.

2. The subject Domain Name—*i.e.*, the *res* of this *in rem* action—is an internet domain name rightfully owned by Plaintiffs. The Domain Name and its registry, Verisign, Inc., are all located within this judicial district. Verisign, Inc.'s primary place of business is 12061 Bluemont Way, Reston, VA 20190.

3. Defendant JD is a person of unknown identity who gained unauthorized access to Plaintiff's password protected domain name registrant account and, without consent or authority, fraudulently transferred control of the Domain Name to himself.

## JURISDICTION AND VENUE

4. This Court has *in rem* jurisdiction over the Domain Name pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), insofar as the registry for the Domain Name, VeriSign, Inc., is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

6. Venue is proper in this judicial district pursuant to 15 U.S.C § 1125(d)(2)(C) as the domain name registry, Verisign, Inc., is located within this judicial district. Therefore, the Domain Name has its situs in this judicial district. Likewise, venue is further proper pursuant to 28 U.S.C. § 1391(b)(2), as the property that is the subject of this action, the subject Domain Name, is therefore situated in this judicial district.

7. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of Plaintiff in this matter.

## NOTICE

8. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive relief will be sent to Defendant JD as the current registrant of the Domain Name at the postal and e-mail address provided by the registrant to the registrar: https://www.dynadot.com/domain/contact-request?domain=699.com [1] , Super Privacy Service LTD c/o Dynadot, PO Box 701, San Mateo, CA 94401.

---

[1] Due to recent changes to privacy laws, the email address of the Registered Name Holder for domains cannot be shared. The Domain Holder Contact Request Form will be used to initiate an email to the address on file for the 699.com domain.

9. Plaintiffs are providing notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Plaintiffs will promptly publish notice of this action, as the Court may direct after filing of this Complaint.

10. Pursuant to 15 U.S.C. § 1125(d)(2)(B), the sending and publishing of a notice of the violation and of the action shall constitute service of process. Furthermore, a request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

## FACTUAL BACKGROUND

11. Plaintiff Wang is the rightful owner of the subject Domain Name.

12. Plaintiff Wang the registrant of the Domain Name at GoDaddy Operating Company, LLC ("GoDaddy"), a popular domain name registrar that owns and operates GoDaddy.com. Declaration of Zaiyan Wang at ¶ 4, attached hereto as Exhibit A.

13. Plaintiff's GoDaddy registrant account is associated with the e-mail address dinglong222@gmail.com and Customer No. 92328434. Plaintiff Zeng is the administrator of the dinglong222@gmail.com email account and of the GoDaddy registrant account. *Id*.

14. The Domain Name was used in commerce in conjunction with online services by Plaintiffs as early as February 2020. Ex. A at ¶ 5. The Domain Name has generated $24,000 in revenue and 800 unique visits on average each day since its first operation. *Id*. at ¶ 6.

15. Plaintiffs owned and used the Domain Name in commerce until the Domain Name was unlawfully transferred without consent out of Plaintiffs' GoDaddy registrant account by Defendant JD, into another registrant account with GoDaddy.com. This illegal transfer occurred sometime around September of 2021. Ex. A at ¶ 7.

16. Plaintiffs did not learn of the hacking until late 2021, and shortly thereafter reported it to GoDaddy. However, Plaintiffs could not regain control of my GoDaddy account, and the issue remains unresolved. Ex. A at ¶ 8.

17. Upon information and belief, Defendant JD hacked into Plaintiffs' GoDaddy.com registrant account and illegally transferred the Domain Name to Defendant JD's GoDaddy registrant account. Plaintiff did not consent to or authorize these transfers.

18. Currently, the Domain Name is still under the unauthorized control of Defendant JD and is being maintained at GoDaddy. The Extensible Provisioning Protocol (EPP) domain status code is currently "clientTransferProhibited" meaning that it is not possible to transfer the domain name registration without first contacting the registrar and requesting that they remove the status code. *See* https://www.icann.org/resources/pages/epp-status-codes-2014-06-16-en#clientTransferProhibited.

19. Defendant JD is now using privacy protection to hide his personal information and conceal his registrant account information at GoDaddy for the Domain Name. Specifically, Defendant JD used a third-party registrant service, Dynadot, to conceal his identity.

20. Plaintiffs have retained this law firm to retrieve the Domain Name and take legal action against those responsible for the illegal transfer.

## **COUNT I - CLAIM FOR DECLARATORY JUDGMENT**

21. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

22. An actual and justiciable controversy exists between Plaintiffs and Defendant JD as to whether Plaintiffs are the rightful owner of the Domain Name.

23. Plaintiffs had a contract with GoDaddy for control over the Domain Name.

24. Defendant JD's express actions to wrongfully hack into Plaintiffs' GoDaddy account and illegally transfer the Domain Name to another GoDaddy registrant account, without the authorization of Plaintiffs, places the Domain Name solely under Defendant JD's dominion and control to the exclusion of Plaintiffs. Such action was an unauthorized transfer resulting from hijacking and fraud on the part of Defendant JD.

25. The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, provides for the declaration of the rights of the Plaintiffs in this matter.

## COUNT II - ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## 15 U.S.C. § 1125(d)

26. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

27. Plaintiffs are the common law owners of the mark 699.com (the "Mark"), which is protected under 15 U.S.C. § 1125(a) and (d).

28. Plaintiffs owned and used the Mark and Domain Name in commerce since their registrations, until the Domain Name was unlawfully transferred to Defendant JD's control without Plaintiffs' consent.

29. The Domain Name is identical to and/or confusingly similar to the Mark owned by Plaintiffs.

30. Defendant JD has fraudulently transferred the Domain Name to another GoDaddy registrant account with bad faith intent to profit from the Domain Name and Mark.

31. Defendant JD is using the transferred Domain Name with the intent to profit off the Mark by posting links for the purpose of redirecting traffic to multiple website auction sites.

32. Defendant JD acted in bad faith by intending to divert consumers from the Mark owner's online location to a website accessible under the Domain Name that could harm the

goodwill represented by the Mark, creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

33. As a direct result of Defendant JD's fraudulent actions, Plaintiffs are being prevented from using and exercising control over the Domain Name and Mark.

34. Furthermore, Plaintiffs are being harmed by not having access to the Domain Name and Mark.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demands judgment against the Defendants, as follows:

A. Declaring that Plaintiffs are the only entity with any rights to the contract controlling the subject Domain Name;

B. Declaring that Defendant JD does not have any rights to the subject Domain Name;

C. ORDERING Verisign, GoDaddy, and/or Dynadot to transfer the Domain Name to Plaintiffs' registrant account as instructed by Plaintiffs' counsel; and

D. Granting such other and further relief to Plaintiffs as this Court deems just and proper in accordance with 15 U.S.C. § 1125(d)(2)(D).

DATED: January 11, 2022                    Respectfully submitted,

By: */s/ Steven War*
Steven War (VSB # 45048)
**War IP Law PLLC**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015

Tel: (202) 800-3751
Fax: (202) 318-1490
steve@wariplaw.com

By: /s/ *Timothy T. Wang*
Timothy T. Wang (*pro hac vice to be filed*)
Texas Bar No. 24067927
twang@nilawfirm.com
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*ATTORNEYS FOR PLAINTIFFS*
*XINMING ZENG and ZAIYAN WANG*