UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| XINMING ZENG and ZAIYAN WANG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Case No. 1:22-cv-00028 (RDA/IDD) |
| | ) |
| JOHN DOE and 699.COM, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs Xinming Zeng ("Zeng") and Zaiyan Wang ("Wang") (collectively "Plaintiffs") Motion for Default Judgment against the Defendants John Doe and <699.com> ("Defendants"). Dkt. No. 12. After the Defendants failed to file an answer, plead, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, relevant portions of the underlying record, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiffs' Motion be **GRANTED.**

I. INTRODUCTION

Plaintiffs filed their Complaint on January 11, 2022 against the Defendants. Dkt. No. 1. Plaintiffs brought claims for trademark cyberpiracy under 15 U.S.C. § 1125(d), requesting judgment in their favor and a permanent injunction retaining Plaintiffs as the registrant for the domain names[1].

---
[1] The undersigned makes no recommendation regarding attorney's fees and costs because Plaintiff did not request them as part of its Motion for Default Judgement.

### A.   Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1331, 1332, as this action arises under a federal law, the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Dkt. No. 1 ¶ 5.

This Court has *in rem* jurisdiction over the Defendants under 15 U.S.C. § 1125(d)(2)(A)(ii), insofar as the registry for the Domain Name, VeriSign, Inc., is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190. *Id.* ¶ 4.

Venue is proper in this judicial district, pursuant to 15 U.S.C § 1125(d)(2)(C), as the domain name registry, Verisign, Inc., is located within this judicial district. Venue is also proper, pursuant to 28 U.S.C. § 1391(b)(2), as the property that is the subject of this action, the subject Domain Name, is situated in this judicial district. *Id.* ¶ 6.

### B.   Service of Process

Pursuant to Federal Rule of Civil Procedure 4(f)(3), a plaintiff may serve an individual who does not reside within a judicial district of the United States "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)3). On March 21, 2022, the Court granted Plaintiffs' Motion for Service by Publication and ordered Plaintiffs to publish the order providing notice to the Defendants once within fourteen (14) days after the entry of the Order. Dkt. No. 4. On March 25, 2022, Plaintiffs arranged for The Order of Service by Publication to be published in *The Richmond Times Dispatch* newspaper. *See* Decl. re Order Mot. for Service by Publication; Dkt. No. 5-1. On April 18, 2022, Plaintiffs filed their declaration describing their compliance with the Court's Order. *Id.* Therefore, the undersigned finds that service of process is proper in this action.

### C. Grounds for Default Judgment

Plaintiffs filed their Complaint on January 11, 2022. Dkt. No. 1. In accordance with the Order of Service by Publication, the Defendants' answers or other responses were due no later than April 15, 2022, and no such answer or other response has been filed or served. Dkt. No. 5. On April 29, 2022, Plaintiffs filed a Request for Entry of Default with the Clerk of the Court. Dkt. No. 7. On May 9, 2022, the Clerk entered default against the Defendants. Dkt. No. 9. On May 11, 2022, the Honorable United States District Judge Anthony J. Trenga ordered that Plaintiffs immediately file a Motion for Default Judgment and accompanying memorandum in support of their Motion and file a notice setting the matter for a hearing on June 24, 2022. Dkt. No. 10. On May 12, 2022, Plaintiffs filed a Motion for Default Judgment and accompanying memorandum in support of their Motion. Dkt. Nos. 12-13. On June 24, 2022, the undersigned Magistrate Judge conducted a hearing on the matter. Dkt. No. 15. When representatives for the Defendants failed to appear at the June 24, 2022 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. *Id.*

### II. FACTUAL FINDINGS

Plaintiff Wang is the registrant of 699.com, the subject Domain Name ("Domain Name") at GoDaddy Operating Company, LLC ("GoDaddy"), a popular domain name registrar that owns and operates GoDaddy.com. Compl. ¶ 12. Plaintiff's GoDaddy registrant account is associated with the e-mail address dinglong222@gmail.com and Customer No. 92328434. *Id.* ¶ 13. Plaintiff Zeng is the administrator of the dinglong222@gmail.com email account and of the GoDaddy registrant account. *Id.* The Domain Name was used in commerce in conjunction with online services by Plaintiffs as early as February 2020. *Id.* ¶ 14. The Domain Name has generated $24,000 in revenue and 800 unique visits on average each day since its first operation. *Id.*

3

Plaintiffs owned and used the Domain Name in commerce until Defendants unlawfully transferred the Domain Name out of Plaintiffs' GoDaddy registrant account, into another registrant account with GoDaddy.com. *Id.* ¶ 15. This transfer occurred in September of 2021. *Id.* Plaintiffs became aware of the non-consensual transfer in late 2021, and shortly thereafter reported it to GoDaddy. *Id.* ¶ 16. However, Plaintiffs could not regain control of their GoDaddy account, and the issue remains unresolved. *Id.* Defendants allegedly unlawfully accessed Plaintiffs' GoDaddy.com registrant account and illegally transferred the Domain Name to Defendants' GoDaddy registrant account. *Id.* ¶ 17. Plaintiffs did not consent to or authorize these transfers. *Id.*

Currently, the Domain Name is still under the unauthorized control of the Defendants and is being maintained at GoDaddy. *Id.* ¶ 18. The Extensible Provisioning Protocol (EPP) domain status code is currently "clientTransferProhibited" meaning that it is not possible to transfer the domain name registration without first contacting the registrar and requesting that they remove the status code. *Id.* Defendants are now using privacy protection to hide their personal information and conceal their registrant account information at GoDaddy for the Domain Name. *Id.* ¶ 18. Specifically, Defendants used a third-party registrant service, Dynadot, to conceal their identities. *Id.*

### III.     EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however,

constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### Violation of the ACPA

Plaintiffs allege a violation of anti-cybersquatting under 15 U.S.C. § 1125(d). Compl. ¶¶ 26-34. To prevail under 15 U.S.C. § 1125(d), plaintiffs must establish that (1) their mark is protectable and (2) that defendants' use of the mark is likely to cause confusion among consumers. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673–74 (7th Cir. 2001). Moreover, to state a claim under the ACPA, plaintiffs must prove that the defendants registered, trafficked in, or used the domain name with a bad faith intent to profit and that the domain name is either identical or confusingly similar to a distinctive mark owned by plaintiffs. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359,

5

367 (4th Cir. 2001). The Complaint pleads that Defendants' domain name is identical to the 699.com mark registered by the Plaintiffs, and that Defendants' unlawful registration transfer of Plaintiffs' domain name was in bad faith. *See* Compl. ¶¶ 29-30, 32.

Here, the undersigned finds that Plaintiffs have established a violation of the ACPA for the following reasons. First, the 699.com mark is distinctive and was distinctive at the time the Plaintiffs registered the 699.com domain name with GoDaddy. *Id.* ¶¶ 12-14. Plaintiff Wang registered the domain name 699.com and is the owner of the registrant account, as Customer No. 92328434. He also is the owner of the registrant email dinglong222@gmail.com at GoDaddy. *Id.* Additionally, Plaintiff Zeng is the administrator of the dinglong222@gmail.com email account and of the GoDaddy registrant account. *Id.* Further, the domain name, 699.com, was used in commerce in conjunction with online services offered by Plaintiff Wang as early as June 2020. Dkt. No. 13 at 4. Plaintiff Wang incontestably owned and used the domain name in commerce until the Defendants' unlawfully took the domain name without consent around September 2021. *Id.* The domain name, 699.com, had 800 visits on average each day since its first operation. *Id.* Therefore, Plaintiffs have protectable trademark rights in the 699.com mark. *Id.*

Second, the 699.com domain name is confusingly similar to Plaintiffs' mark because it incorporates the entirety of the Plaintiffs' distinctive 699.com mark. *Id.* ¶¶ 29-30. The confusing similarity standard for trademarks under the ACPA is satisfied when a domain is "virtually identical" to the plaintiff's trademark. *Id.*; *Agri-Supply Co.*, 457 F. Supp. 2d at 663 (E.D. Va. 2006). It is apparent from the facial similarity between the Defendants' domain name and Plaintiffs' mark that it is virtually identical to the 699.com mark, as it incorporates 699.com in its entirety.

6

Further, the use of the transferred domain name with the intent to profit from the use of the mark by posting links for the purpose of redirecting traffic to multiple website auction sites is neither a bona fide offering of any good or service, nor any form of noncommercial or fair use that is recognized by the ACPA. *Id.* ¶ 31. The ACPA lists several non-determinative factors that a court may consider when determining bad faith – all of which tip in Plaintiffs' favor – including (1) the defendants' intellectual property rights in the domain name; (2) the extent to which the name consists of the defendants' legal name; (3) a defendants' prior use of the domain with a bona fide offering of goods and services; (4) a defendants' bona fide noncommercial or fair use of the mark in a site accessible under the domain name; (5) the defendants' intent to divert customers from the mark owner's online location to a site accessible under the domain that could harm the goodwill represented by the mark, for either commercial gain or with intent to tarnish; (6) the defendants' provision of misleading or false contact information when applying for registration of the domain name; and (7) the defendants' registration or acquisition of multiple domain names which the defendants know are identical or confusingly similar to the marks of others. Dkt. 13 at 5; *see also* 15 U.S.C. § 1125(d)(1)(B)(i)(I), (II), (III), (IV), (V), (VII), (VIII); *Agri-Supply Co.*, 457 F. Supp. 2d at 663.

Here, the undersigned Magistrate Judge finds that the facts support a finding of bad faith by the Defendants. First, the Defendants have no intellectual property rights in the 699.com domain name. *Id*. The Defendants' domain name contains the entirety of the incontestable 699.com mark, and there are no other distinguishing factors present. *Id.*; *see also* 15 U.S.C. § 1125(d)(1)(B)(i)(I).

Second, there is no basis to support the assertion that the domain name consists of the legal name of the Defendants or represent a name commonly used to identify the Defendants.

7

Even though the Defendants' identities remain unknown, the use of the domain name to impersonate Plaintiffs' services and posting links for the purpose of redirecting traffic to multiple website auction sites is evidence that the domain name is being used to impersonate Plaintiffs, not to identify the Defendants' legal name. Compl. ¶ 31; 15 U.S.C. § 1125(d)(1)(B)(i)(II).

Under the third and fourth factors, for similar reasons, the Defendants' use of the domain name is not a bona fide offering of goods or services, nor a noncommercial or fair use of Plaintiffs' mark on the website. Dkt. No. 13 at 5; 15 U.S.C. § 1125(d)(1)(B)(i)(III-IV). Rather than offering Defendants' goods or services, the redirection navigated consumers to multiple website auction sites. *Id.*

Fifth, the Defendants have utilized the domain to confuse consumers and divert customers away from the legitimate 699.com website. *Id.*; *see also* 15 U.S.C. § 1125(d)(1)(B)(i)(V). For example, Defendants used 699.com to impersonate Plaintiffs' services in an attempt to trick victims into sending possible sensitive information by convincing the recipient that they are communicating with Plaintiffs. *Id.* Here too, the domain name incorporates the entirety of the distinctive 669.com mark. Compl. ¶ 30; *see also Prudential*, 2021 WL 2744526, at *7 (approvingly citing a Sixth Circuit case, *DaimlerChrysler v. The Net Inc.*, 388 F.3d 201 (6th Cir. 2004), which held that intent to divert can be inferred where the domain name is phonetically identical to the plaintiff's mark).

Sixth, the Defendants have not supplied any legitimate contact information when registering the domains. The Defendants' information is concealed to the account at GoDaddy.com. Dkt. No. 13 at 5; *see also* Compl. ¶ 19; 15 U.S.C. § 1125(d)(1)(B)(i)(VII).

Seventh, the domain name incorporates the entirety of the 699.com mark, which was

8

distinctive at the time of registration. Compl. ¶¶ 12-14; *see also* 15 U.S.C. § 1125(d)(1)(B)(i)(VIII). The fact that the domain was registered through the same registrar and the Defendants' identity is concealed by a third-party registrant service, Dynadot, is circumstantial evidence that the unknown individual is behind the illegal transfer or hacking of the registration. *Id.* ¶ 19.

Therefore, the undersigned Magistrate Judge finds that each factor favors Plaintiffs. For all these reasons, the pleaded facts support a finding of bad-faith registration of the 699.com domain name.

## IV.    RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiffs against the Defendants for violation of the ACPA. The undersigned further recommends that an Order be entered directing VeriSign, Inc. and the individual registrar holding or listing the domain name and any other infringing domain names owned or controlled by Defendants to change the registrar of record to re-register the 699.com in Plaintiffs' name and under Plaintiffs' ownership.

## V.      NOTICE

By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation.  A failure to file timely objections to this   Report   and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record  and  Plaintiffs are directed to serve this Report and Recommendation on Defendants.

August  30, 2022

Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge